Levi & Korsinsky

33 Whitehall St., 27th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Correy A. Suk
csuk@zlk.com

August 21, 2026

**VIA ECF**

The Honorable Arun Subramanian
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***In re The Estée Lauder Co. Inc. Derivative Litig.*, No. 1:25-cv-03853-AS; Letter Motion for Leave to File Verified Amended Stockholder Derivative Complaint Under Seal**

Dear Judge Subramanian:

Plaintiffs Daniel Clark and Matthew Van Winkle (together, "Plaintiffs"), by their undersigned counsel, hereby seek leave from the Court to file their Verified Amended Stockholder Derivative Complaint ("Amended Complaint") under seal as the Amended Complaint refers to and describes certain documents that were produced and designated "Confidential" by The Estée Lauder Companies Inc. ("Estée Lauder" or the "Company") and/or other defendants in the above-referenced litigation (the "Confidential Information"). Pursuant to Rule 11 (c)(ii) and (iii) of Your Honor's Individual Practices in Civil Cases (the "Individual Rules"), Plaintiffs are (1) publicly filing via ECF a copy of the Amended Complaint with proposed redactions and (2) filing under seal via ECF an unredacted copy of the Amended Complaint with proposed redactions highlighted.

As grounds for this motion, Plaintiffs state as follows:

1. On October 10, 2025, Plaintiffs and Estée Lauder entered into a Confidentiality and Non-Disclosure Agreement Governing the Inspection of Books and Records (the "Confidentiality Agreement"). Pursuant to paragraph 6 of the Confidentiality Agreement, Plaintiffs agreed that, if Plaintiffs used an Inspection Information (as defined therein) in any pleading or court document, "Plaintiffs' Counsel shall file the Complaint or other court document and any Confidential Information attached thereto in compliance with the jurisdiction's local rules governing confidential filings and/or filings under seal."

2. Paragraph 6 of the Confidentiality Agreement also requires Plaintiffs to provide Estée Lauder with an opportunity to review the complaint and the proposed redactions thereto before filing. Pursuant to the Confidentiality Agreement and Rule 11(c)(i) of the Individual Practices, Plaintiffs have provided Estée Lauder with a copy of the Amended Complaint and the

proposed redactions thereto. Counsel for Estée Lauder has indicated that the Company has no further redactions.

3. Pursuant to the parties' agreements governing confidentiality, Estée Lauder produced to Plaintiffs certain documents, which the Company claims contain nonpublic, confidential, proprietary, or commercially sensitive information. Plaintiffs used certain information contained within these documents in their Amended Complaint. Accordingly, Plaintiffs request leave to file the unredacted version of the Amended Complaint under seal.

4. Although "the public has a presumptive right of access" to judicial documents, in determining whether judicial documents must be made publicly available, courts in the Second Circuit "balance competing considerations" against the presumption. *See, e.g.*, *Saint-Jean v. Emigrant Mortg. Co.*, 11-CV-2122 (SJ), 2015 U.S. Dist. LEXIS 166298, at *8 (E.D.N.Y. May 24, 2016). Such "[c]ountervailing factors include, among others, the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure."

5. Here, sealing the Amended Complaint is "necessary to preserve higher values" such as the protection of Estée Lauder's non-public, confidential, proprietary, and commercially sensitive information, and the proposed sealing is "narrowly tailored to serve that interest." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

6. Plaintiffs have consulted with counsel for the defendants, who do not oppose this motion.

7. As Plaintiffs seek leave to file the Amended Complaint under seal pursuant to Defendants' request, Plaintiffs request that Defendants be required to file a letter-motion to seal within three business days "explaining the need to seal or redact the document." *See* Individual Practices, Rule 11(c)(i).

Respectfully submitted,

**Levi & Korsinsky, LLP**

/s/ *Correy A. Suk*
Correy A. Suk
Gregory M. Nespole
Daniel Tepper
33 Whitehall Street, 27th Floor
New York, NY 10004

*Co-Lead Counsel for Plaintiffs*

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 19.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 25, 2026

Cc: All Counsel of Record (via ECF)